UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MENACHEM SCHNEORSON,

                Appellant,

v.

MARGALIT SCHNEORSON, and RICHARD J. MCCORD, *Chapter 7 Trustee*,

                Appellees.

**MEMORANDUM & ORDER**
23-CV-05553 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Appellant Menachem Schneorson ("Debtor") is the debtor in a Chapter 7 bankruptcy proceeding pending in the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *In re Schneorson*, No. 1-22-01030 (Bankr. E.D.N.Y. filed Apr. 29, 2022). Debtor has filed a notice of appeal from a stipulation and agreement between Margalit Schneorson and Richard J. McCord ("Chapter 7 Trustee") permitting Margalit Schneorson ("Debtor's wife") to supplement her pending motion addressing issues related to property of Debtor's estate (the "Stipulation").[1] ECF No. 1 at 3. The Stipulation was so-ordered by Bankruptcy Judge Mazer-Marino on July 12, 2023. *Id.*

      For the reasons set forth below, the decision so-ordering the Stipulation is an interlocutory order that is not appealable as of right, and the Court exercises its discretion to deny Debtor leave to appeal that order.

---

[1]     Although the current status of Debtor's marriage is unclear, the papers filed on behalf of Margalit Schneorson refer to herself as Debtor's "wife," so the Court has done the same throughout this decision. *See, e.g.*, ECF No. 1 at 7.

**PROCEDURAL HISTORY**

Debtor's wife commenced a divorce proceeding against him in Florida state court several years before his bankruptcy proceeding.  Bankr. ECF No. 1 at 3.[2]  Debtor's wife filed a motion for temporary financial relief including temporary alimony and temporary attorney's fees in connection with the divorce proceeding.  *Id.*  On April 19, 2022, the divorce proceeding was removed by the Debtor to the Bankruptcy Court for the Eastern District of New York.  Bankr. ECF No. 1.  On May 27, 2022, Debtor's wife filed a motion to remand the action to state court.  Bankr. ECF No. 6.  On October 30, 2022, the Bankruptcy Court issued a decision granting in part and denying in part Debtor's wife motion to remand, retaining jurisdiction over certain claims, including the bankruptcy estate's interest in proceeds related to certain properties.  Bankr. ECF No. 24 at 2.

On July 12, 2023, the Bankruptcy Court so-ordered the Stipulation filed by Debtor's wife and the Chapter 7 Trustee "for additional time so that the Wife's supplement to pending motion addressing property of the estate will be extended."  Bankr. ECF No. 43 at 1.  Debtor presumably opposes the grant of an extension and filed the instant notice of appeal.[3]

**DISCUSSION**

**I.   The Court Denies Debtor Leave to Appeal the Bankruptcy Court's Decision So-Ordering the Stipulation**

The Bankruptcy Court's decision so-ordering the Stipulation is not a final order and therefore requires the Court's leave to appeal.  The Court will therefore treat Debtor's notice of appeal as a motion for leave to appeal, as authorized by Fed. R. Bankr. P. 8004(d).  *See In re*

---

[2]   References in this decision to "Bankr. ECF No." refer to the docket entries in Debtor's proceeding pending in the Bankruptcy Court:  No. 1-22-1030.

[3]   The Bankruptcy Court has previously so-ordered three extensions providing Debtor's wife with additional time to supplement her motion.  *See* Bankr. ECF Nos. 29, 33, 41.

*Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (treating notice of appeal as a motion for leave to appeal and declining to grant leave to appeal).

Motions for leave to appeal interlocutory orders of bankruptcy courts are permitted by 28 U.S.C. § 158(a)(3). *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021).[4] However, that provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders. *Id.* To fill this gap, "[c]ourts in this Circuit have invariably held that all appeals governed by Section 158(a)(3) should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *Id.* That provision allows courts to accept an appeal of an interlocutory order only if "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018). "All three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." *In re Segal*, 557 B.R. at 51.

"As to the first prong, an order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *2178 Atl. Realty*, 2021 WL 1209355, at *4. "In addition, the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Est. of Veeraswamy*, No. 19-cv-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019). "The second prong, requiring a

---

[4] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021). "The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558.

When considering these requirements, the Court must be mindful of the foundational principle that "interlocutory appeals are strongly disfavored in federal practice." *Id.* Accordingly, "[g]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Joe's Friendly Serv. & Son*, 628 B.R. at 185.

The Bankruptcy Court's decision to grant an extension of time to file briefing does not involve a controlling question of law nor does it represent exceptional circumstances sufficient "to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* Reversing the Bankruptcy Court's decision to grant an extension does not present an issue of conflicting authority, difficulty or first impression. *See Osuji*, 285 F. Supp. 3d at 558. Accordingly, the Court declines to grant Debtor leave to appeal what can otherwise be described as a scheduling order. *See In re LFD Operating Inc.*, No. 06-cv-1545, 2006 WL 1148705, at *1 (S.D.N.Y. Apr. 26, 2006) (denying leave to appeal and describing application to appeal a bankruptcy court's scheduling order as "frivolous").

4

**CONCLUSION**

      For the reasons set forth above, the Court declines to exercise jurisdiction over Debtor's appeal of the Bankruptcy Court's decision so-ordering the Stipulation, and the Court therefore dismisses Debtor's appeal from that order for lack of jurisdiction.  The Clerk of Court is respectfully directed to enter judgment, close the case and mail a copy of this Order and the forthcoming judgment to the *pro se* Appellant.

      SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       July 26, 2023